## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SHANNON M., executor for the estate of Jean J. (deceased),[1] | ) ) ) | |
| Plaintiff, | ) ) | No. 19 C 2568 |
| v. | ) ) | Magistrate Judge |
| ANDREW MARSHALL SAUL, Commissioner of Social Security[2], | ) ) ) | Maria Valdez |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security finding that Plaintiff was not without fault in causing an overpayment of Widow's benefits and denying waiver of repayment under 42 U.S.C. § 404(a)(1)(A). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request for reversal of the ALJ's decision is granted in part, and the Commissioner's motion for summary judgment [Doc. No. 21] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Andrew Saul has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I.   PROCEDURAL HISTORY

In February 2002, Decedent Jean J. applied for Widow's benefits after the death of her husband.[3] In October 2013, Decedent applied for retirement insurance benefits, and at that time the Commissioner informed her that she had an overpayment of Widow's benefits in the amount of $119,166.90 from June 2004 to June 2013. Decedent was informed the overpayment resulted because she was also receiving a Teachers Retirement System ("TRS") pension during that nine-year time period. Decedent requested reconsideration, which the Commissioner denied on February 17, 2016. Decedent then requested a hearing before an Administrative Law Judge ("ALJ"), and on October 30, 2017, Decedent appeared in person and represented by counsel and testified at the hearing.

On May 31, 2018, the ALJ issued a written decision finding that Decedent was overpaid benefits and denying her request for a waiver of repayment. The Social Security Administration Appeals Council then denied Decedent's request for review on February 21, 2019, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by this Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

---

[3] Decedent died in December 2018, and her daughter, Plaintiff Shannon M., filed this case on behalf of Decedent's estate.

## II.    ALJ DECISION

Decedent's claim was analyzed in accordance with 42 U.S.C. § 404(a)(1)(A) and 20 C.F.R. § 404.501(a). The ALJ first determined that the Commissioner's action in finding Decedent liable for an overpayment constituted a new initial determination since a determination as to the overpayment issue was not previously made. The ALJ relied heavily on Program Operations Manual System ("POMS") section GN 04030.090, which provides guidance for determinations when a Government Pension Offset ("GPO") is involved.[4] The ALJ found that the relevant POMS provision allows the Commissioner to make a new initial determination, as opposed to reopening the first determination, when a GPO is involved. Therefore, the Commissioner's action against Decedent could be commenced more than four years after the first determination. *See* 20 C.F.R. §§ 404.987, 404.988.

The ALJ then found that there was no evidence in the record showing that Decedent attempted to advise the Commissioner when she became entitled to a TRS pension, which would have triggered the GPO and reduced the amount of Widow's benefits to which Decedent was entitled. The ALJ found as follows with respect to whether Decedent was at fault:

> The claimant has the burden of showing that she is without fault in causing the overpayment. She did not overcome this burden by claiming that she does not remember what happened when she applied in 2002. She is not relieved of her reporting responsibilities by claiming she did not know that she had to inform the agency of her receipt of the TRS

---

[4] A GPO is described by the Commissioner as follows: "If you receive a pension from a government job in which you did not pay Social Security taxes, some or all of your Social Security spouse's, widow's, or widower's benefit may be offset due to receipt of that pension. This offset is referred to as the Government Pension Offset, or GPO." (Doc. No. 12 at 2 n.1) (citing *https://www.ssa.gov/planners/retire/gpo.html*).

> pension. Using a reasonable person standard, it is difficult for the undersigned to accept the argument that Claimant, as a person receiving a TRS annuity, was never informed or aware of the GPO by way of statements, newsletters or other communications from the Teachers Retirement System of Illinois or from any other source . . .
>
> The undersigned acknowledges that the claimant filed a Request for Waiver of Overpayment Recovery or Change in Repayment Rate on October 30, 2017 . . . However, the claimant must establish that she was without fault. In this case, she failed to inform the Agency of her receipt of TRS benefits and as such Claimant is not without fault.

(R. 23.) Thus, the ALJ found Decedent liable for the amount of $119,166.90 in overpaid Widow's benefits.

## DISCUSSION

### I. LEGAL STANDARDS

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the

4

ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

The Commissioner is obligated by statute to seek repayment of funds when an overpayment of benefits occurs. 42 U.S.C. § 404(a); *Heins v. Shalala*, 22 F.3d 157, 159 (7th Cir. 1994). The Commissioner may not recover an overpayment, however, where: (1) the claimant was not at fault in causing the overpayment; and (2) recovery would either defeat the purpose of 42 U.S.C. § 404 or otherwise be against "equity and good conscience." 42 U.S.C. § 404(b); 20 C.F.R. § 404.506.

If the recipient was at fault in causing the overpayment, the ALJ need not examine whether recovery would defeat the purpose of the statute or be against equity. *Heins*, 22 F.3d at 163 n.2; *see also Menard v. Commissioner of Social Security*, Civil No. 14-cv-961-JPG-CJP, 2015 WL 13842715, at *1 (S.D. Ill. Sept. 8,

2015). A recipient is not without fault when the overpayment occurred due to: (1) an "incorrect statement made by the individual which he knew or should have known to be incorrect"; or (2) the recipient's failure to furnish material information; or (3) the recipient's acceptance of a payment which he or she knew or should have known was incorrect. 20 C.F.R. § 404.507.

If the ALJ finds the recipient was not at fault, the analysis proceeds to whether recovery would defeat the purpose of the statute or be against equity. "Recovery defeats the purposes of the Act when it 'deprives a person of income required for ordinary and necessary living expenses,' depending on the income and financial resources of the recipient." *Menard*, 2015 WL 13842715, at *2 (citations omitted). Repayment could be against equity if, for example, the recipient "changed his position for the worse, or relinquished a valuable right, because of reliance on a notice that payment would be made or because of the overpayment itself[.]" *Begoun v. Astrue*, No. 09 C 1555, 2011 WL 307375, at *7 (N.D. Ill. Jan. 28, 2011).

The Commissioner bears the burden of proving that an overpayment of benefits occurred. *Wilkening v. Barnhart*, No. 02 C 9096, 2004 WL 1005718, at *5-6 (N.D. Ill. Apr. 27, 2004), *affirmed*, 139 F. App'x 715 (7th Cir. 2005). The recipient has the burden of proving that he or she is entitled to waiver of repayment if the overpayment is established. *Begoun*, 2011 WL 307375, at *8 (citations omitted).

## II.  ANALYSIS

Plaintiff argues that the ALJ's decision was in error for the following reasons: (1) the Commissioner is barred from seeking repayment because the Commissioner's action was a "reopening" of Decedent's 2002 award of benefits, within the meaning of 20 C.F.R. § 404.988, after the four-year limitation period had expired; (2) the ALJ's finding that Decedent was not without fault in causing the overpayment was unsupported by substantial evidence; and (3) the ALJ's reliance on POMS GN 04030.090 impermissibly grants the Commissioner retroactive authority. The Court finds that the ALJ's finding that Decedent was not without fault was unsupported by substantial evidence and the case must be remanded for that reason. The Court will also direct the ALJ to resolve the issue related to 20 C.F.R. § 404.988, for the reasons set forth below, since the ALJ did not adequately discuss the issue. Finally, the Court need not reach the issue related to impermissible retroactive authority.

### A.  **The ALJ's Finding that Decedent Was Not Without Fault**

The ALJ's finding related to Decedent's fault for the overpayment was unsupported by substantial evidence. The ALJ's finding was based solely on his disbelief of Decedent's testimony that she was never advised of the GPO "by way of statements, newsletters, or other communications from [TRS] of Illinois or from any other source." (R. 23.) However, the ALJ fails to cite a single page of the record in finding that Decedent must have received notice of the GPO and relies entirely on his assumption that if Decedent was a "reasonable person" she would have received

notice of her reporting obligations from an unspecified source. This is insufficient. *See, e.g., Begoun v. Astrue*, No. 09 C 1555, 2011 WL 307375, at *10-12 (N.D. Ill. Jan. 28, 2011) (ALJ erred in finding that claimant was not without fault in causing overpayment where finding was based on one letter and the ALJ's presumption that the claimant would receive notice of the overpayment).

Further, there was no evidence at all before the ALJ that Decedent was ever advised that she was obligated to notify the Commissioner when she began receiving TRS payments, and it is unclear what basis the ALJ has to assume that TRS of Illinois or "any other source" would be sending Decedent "newsletters" advising her of totally separate disclosure obligations related to Widow's benefits. *See Menard*, 2015 WL 13842715, at *6 (stating that although it is plaintiff's burden to prove entitlement to waiver, "[t]hat does not mean . . . that the ALJ's decision is supported by substantial evidence"); *Cargile v. Berryhill*, No. 16 C 4176, 2017 WL 1364213, at *7 (N.D. Ill. Apr. 11, 2017) ("[W]e note that in this case all of the subjective evidence in the record points to plaintiff having no knowledge of the duty to report."). The ALJ's decision that Decedent was not without fault was based on pure speculation and not based on any discernable evidence, much less substantial evidence, and the case must be remanded for that reason.

**B.    "Reopening" of the 2002 Award of Benefits**

Plaintiff also argues the ALJ erroneously relied on POMS GN 04030.090 over the regulations in determining that there was no "reopening" of the 2002 award of benefits within the meaning of 20 C.F.R. § 404.988 and instead that the action was

the opening of a new determination. § 404.988 states, in relevant part, that an initial determination may be reopened (1) "[w]ithin four years of the date of the notice and initial determination if we find good cause, as defined in § 404.989, to reopen the case" or (2) "[a]t any time if—it was obtained by fraud or similar fault[.]" Thus, if the action by the Commissioner in Decedent's case was a "reopening" of the 2002 award of benefits as opposed to the opening of a new determination, the ALJ was required to make a finding that Decedent obtained her Widow's benefits "by fraud or similar fault" since it was over four years after the initial determination.[5]

The Commissioner argues that the action against Decedent was not a "reopening" of the initial determination but instead the opening of a new determination, such that it could be commenced at any time. The Commissioner relies, as the ALJ did, on POMS GN 04030.090 for support. However, POMS does not hold any legal force like a regulation or statute. *See Parker for Lamon v. Sullivan*, 891 F.2d 185, 190 (7th Cir. 1989).

The distinction between an "initial determination" and a "reopened determination" is addressed somewhat in 20 C.F.R. § 404.902, which sets forth a list of actions that are "initial determinations." The list includes determinations regarding overpayments. *See id.* § 404.902(j), (k). However, other district courts that have addressed this issue have interpreted the relevant regulations together to mean that the overpayment action is a "reopening" as opposed to an initial determination. *See, e.g., Doyle v. Barnhart*, No. Civ.A. 03-CV-264, 2005 WL 713343,

---

[5] The ALJ did not make such a finding in this case, since he determined that this was not a "reopening" of the initial determination.

9

at *5 (E.D. Pa. Mar. 28, 2005) (finding that an "initial determination" simply means it is subject to judicial review, and a "recomputation may also be considered a reopening because the case must be reopened . . . If this were not true, 20 C.F.R. 404.987-989 would be rendered virtually meaningless") (internal citations and quotation marks omitted); *Menard*, 2015 WL 13842715, at *5 ("A determination of overpayment is an 'initial determination' in that it is subject to administrative and judicial review, but it is difficult to see how it is not also a reopening of the prior claim.").

The Court tends to agree with these decisions that the overpayment action is properly treated as a "reopening" of the original claim as opposed to a new determination. However, the ALJ did not address 20 C.F.R. § 404.988 in his decision at all. Accordingly, the Court will not make a precise determination as to this issue so as to allow the ALJ the opportunity to address the issue in the first instance on remand and resolve the conflict between POMS GN 04030.090 and 20 C.F.R. § 404.988. *See Stafford v. Saul*, Case No. 18-cv-3016, 2019 WL 5963632, at *3 (N.D. Ill. Nov. 13, 2019) ("As Plaintiff requests . . . the Court will remand to the ALJ to determine in the first instance whether, and if so how, 20 C.F.R. § 404.988 applies to the SSA's collection of overpayment from Plaintiff.").

On remand, the ALJ must first resolve the conflict between POMS GN 04030.090 and 20 C.F.R. § 404.988. If the ALJ changes his mind and decides that the Commissioner's action here was a "reopening" of the initial determination, he must then determine whether Decedent obtained her original Widow's benefits in

2002 "by fraud or similar fault." If not, then Plaintiff cannot be liable for the overpayment because the initial determination cannot be reopened in the first place. If the ALJ determines, after resolving the conflict between the relevant regulations and POMS provisions, that the Commissioner's action was not a "reopening" but a new determination, he must then proceed to determine whether Decedent was without fault in causing the overpayment. If the answer is no, the ALJ must then consider whether recovery of the overpayment would either defeat the purpose of the statute or be against equity. *See* 20 C.F.R. § 404.506. If the answer is yes, the ALJ's inquiry is complete.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for reversal of the ALJ's decision is granted in part, and the Commissioner's motion for summary judgment [Doc. No. 21] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                                              **ENTERED:**

**DATE:**   February 12, 2021                    _____
                                                                 **HON. MARIA VALDEZ**
                                                                 **United States Magistrate Judge**